## Crozer v. New Chester Water Co., Appellant.

*Evidence—Rule requiring best evidence.*

The rule which requires that the "best evidence" shall be produced, means merely the best evidence within the reach of the party. The mere fact that more conclusive evidence might possibly be obtained does not preclude the party from offering such testimony as is available.

Argued Feb. 8, 1892. Appeal, No. 353, Jan. T., 1891, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1889, Docket Y, p. 18, on verdict for plaintiff, John P. Crozer. Before Paxson, C. J., Sterrett, Green, McCollum, Mitchell and Heydrick, JJ.

Trespass for damages occasioned by the percolation of water escaping from defendant's reservoirs through plaintiff's land.

At the trial before Clayton, P. J., the evidence was to the effect that defendant had constructed reservoirs for the storage of water at the top of the hill on the slope of which was located plaintiff's farm; that during the time covered by the suit plaintiff's land was saturated with water to such an extent as to render it unfit for farm purposes. Plaintiff's allegation was that this condition was occasioned by the escape of water from defendant's reservoir.

Defendant presented, inter alia, the following point:

" 4. It is incumbent upon the plaintiff to present the best evidence the nature of the case will admit in order to make out his case. *Answer :* This is affirmed, but the jury are to be the judges whether the evidence that has been admitted is sufficient. The mere fact that more conclusive evidence might have been produced will not excuse the jury from settling the question of fact from the evidence before them." [2]

The court instructed the jury, inter alia, as follows:

" It is always desirable that the very best evidence the case will permit of will be presented to the jury. It is the duty of the plaintiff to convince you; the burden is upon him. If he has convinced you that the water from the reservoir does percolate the subsoil and does run upon his land and cause this swampy condition, then he is entitled to a verdict. He should convince you to a reasonable extent that that is the case, and it is to be regretted I think that the evidence has not made a more conclusive case upon this subject, for it must be clear to us all that there is no insuperable difficulty to ascertaining that fact. It seems to me that it might have been ascertained with great certainty by somebody digging a trench to the reservoir one foot wide and two feet deep to where they come to flowing water, and ascertain positively whether there is a flow of water under the earth, and if there is you could easily imply where it comes from. It seems to me that the plaintiff could have done this upon his own ground, perhaps the upper part of it. It could have been done on Mr. McCall's land or the defendant's; if there is prima facie evidence outside of that that the leak comes from the reservoir, they could undoubtedly have dug on their own ground, the fifty feet they possess, and brought evidence here that would have settled this matter in a few moments beyond controversy. But neither party have seen proper to do this, and therefore we must grapple with the case and decide it as best we can according to the evidence that is before us, and, if we fail, the fault is not ours. The fault is theirs; it is in the parties who have not presented the testimony. It is your duty, nevertheless, to take the testimony you have and aided by your own view to come to the best conclusion you can. You are to settle a fact. The doctrine of dismissing a case because it is doubtful does not apply to a

civil court. It is the duty of the jury to find a fact as best they can from the evidence which is produced before them. If you are convinced, therefore, from the evidence before you, to a reasonable extent, that the water that causes this damage to the plaintiff's land does come from that reservoir, then your verdict should be for the plaintiff. Now, I say you have the evidence, you have viewed the premises, and from your view you can better understand the weight of the testimony than the court can, and let me say to you, also, that this is a question of fact, and it is not for the court to decide questions of fact, they are for you. You are the ones who are to decide all questions of fact, and you are to arrive at your judgment from the evidence." [4]

Verdict for plaintiff $311.10 and judgment thereon. Defendant appealed.

*Errors assigned* were, inter alia, (2) the answer to defendant's fourth point, quoting the point and the answer; (4) the portion of the charge above quoted.

*William Ward, Hiram Hathaway, Jr.,* with him, for appellant.

*George B. Lindsay,* for appellee.

PER CURIAM, March 28, 1892:

We cannot sustain any of the specifications of error. The best evidence in the possession of the plaintiff was submitted to the jury. It was not his duty to incur the expense of digging a trench in the mere hope of finding better evidence. He might have succeeded or he might not. By digging a trench to the reservoir, one foot wide and two feet deep, as suggested by the learned court below, the plaintiff might have come to flowing water, and thus have ascertained with more accuracy from whence it came. It was alleged that the leak which caused the injury came from the reservoir. A trench might possibly have demonstrated this, but the fact could have been shown in other ways.

Judgment affirmed.