## Presbyterian Board *v.* Gilbee.

*Corporation—Contract—Consideration—Ultra vires—Principal and agent —Transfers.*

A corporation may not avail itself of ultra vires as a defense where a contract has been entered into and executed in good faith by the other party and the corporation has received the benefit of the performance.

It is repugnant to every sense of justice and fair dealing that a principal shall avail himself of the benefits of an agent's act, and at the same time repudiate his authority.

A corporation deposited certain of its bonds with trustees who were to deliver them to such persons as the board of directors should designate. A purchaser received some of the bonds with a power of attorney in blank to transfer them. Subsequently the same person loaned money to the company under an agreement by which he was to receive additional bonds as collateral. When the loan was made, three of the board of directors, one of whom was the secretary, one the treasurer, and the other the general manager of the company requested the trustees, one of whom was also a director, to deliver the bonds to the person making the loan, and this request was complied with, but no further power of transfer was given. Subsequently the corporation was adjudged a bankrupt and its real estate sold under proceedings on a mortgage prior in lien to the mortgage by which the bonds were secured. The trustee in bankruptcy claimed the whole fund as against the holder of the bonds on which the loan had been made, on the ground that the transfer of the bonds had not been authorized by the directors as a board, and because no power to transfer had been executed by the trustees. *Held,* that the claim was unfounded, and that the loan should be repaid out of the fund.

Argued Jan. 20, 1905. Appeal, No. 178, Jan. T., 1904, by Richard Y. Filbert and New Jersey Corporation Guarantee & Trust Company, from decree of C. P. No. 4, Phila. Co., June T., 1900, No. 882, dismissing exceptions to and confirming report of the auditor appointed to make distribution of the fund paid into court in case of Presbyterian Board of Relief for Disabled Ministers and the Widows and Orphans of Deceased Ministers v. Manuel A. T. Gilbee. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Exceptions to report of John K. McCarthy, Esq., auditor. The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Charles F. Warwick,* with him *J. Edgar Butler,* for appellant.—A bankrupt and its trustee in bankruptcy cannot repudiate a transaction in which a creditor in good faith loaned them money by taking advantage of a resolution limiting the apparent authority of the agent (the trustees of the bonds for the company), which resolution was hidden away in the minute book of the company, and of which the creditor did not and could not possibly have had notice : Millward-Cliff Cracker

Co.'s Estate, 161 Pa. 157; Hetzel v. Sawyer, 10 Pa. Dist. Rep. 29; Fay v. Noble, 66 Mass. 1; Penna. Natural Gas Co. v. Cook, 123 Pa. 170; Pittsburg, etc., R. R. Co. v. Clarke, 29 Pa. 146; Moorehead v. Gilmore, 77 Pa. 118.

No power of attorney accompanied the bonds delivered on June 30, because none was necessary. Filbert already had three powers of attorney signed by the registered owners, but blank as to the amount of bonds. It was intended that these should be used to transfer any amount of bonds which the transferor could produce.

The bonds delivered constituted an equitable assignment which the law will enforce to protect the consideration actually received by the corporation: East Lewisburg Lumber, etc., Co. v. Marsh, 91 Pa. 96; Wallace's App., 104 Pa. 559; Collins's App., 107 Pa. 590; Harris's App., 21 W. N. C. 189; Hetzel v. Sawyer, 10 Pa. Dist. Rep. 29.

. *Arthur Colville,* with him *Alex. Simpson, Jr.,* and *James H. Wolfe,* for appellee.—The trustees had no authority to hand over the bonds to Filbert: Allegheny County Workhouse v. Moore, 95 Pa. 408; Stoystown, etc., Turnpike Road Co. v. Craver, 45 Pa. 386; Fisher v. Gas Co., 1 Pearson, 118; McGowan v. Lincoln Park, etc., Co., 181 Pa. 55.

OPINION BY MR. JUSTICE FELL, June 22, 1905:

This appeal is from an order confirming the report of an auditor awarding distribution of a fund realized by a sheriff's sale. The only question to be considered is the validity of the appellant's title to bonds which were a lien on the fund and entitled to payment from it. In March, 1900, the Schuylkill Iron and Steel Company issued registered bonds, secured by a mortgage of its property, to the amount of $80,000. One half of these bonds it placed in the hands of two trustees, in whose names they were registered, to be held subject to the order of the board of directors. At the same time the board authorized the trustees to transfer bonds to the amount of $20,000 as collateral security to the holder of its outstanding notes. In April, 1900, the appellant bought these notes and received the bonds with other collaterals which accompanied them. In June, 1900, he loaned the company, $2,000, with which to pay

wages, under an agreement that he was to receive its note with bonds of the face value of $7,000 as collateral.   These bonds are the ones in question.   When the loan was made, three of the board of directors, one of whom was the secretary, one the treasurer, and the other the general manager of the company, requested the trustees, one of whom was also a director, to deliver the bonds to the appellant, and the request was complied with. In July, 1900, the company was adjudged bankrupt, and subsequently its real estate was sold under proceedings on the mortgage, which was prior in lien to the mortgage by which the bonds were secured, and the fund for distribution was created by this sale.

It is conceded that the lien of the mortgage securing the bonds was divested by the sale and transferred to the fund, and that there was not an avoidable preference under the bankruptcy law, because there was a present consideration for the transfer of the bonds.   The trustee in bankruptcy therefore stands in the same position that the company stood.   He and the appellant are the only claimants of the fund, and no rights are involved except those of the appellant, who loaned the money on the faith of the pledge of the bonds, and those of the company which borrowed it.   The auditor rejected the appellant's claim on the ground that the directors as a board had not authorized the trustees to deliver the bonds, and because the trustees, the registered owners, had not transferred the bonds nor executed a power of attorney for that purpose.

The trustees in whose names the bonds were registered and who had custody of them were not trustees under the mortgage by which the bonds were secured, but under a trust created for some business purpose of the company, and the limitation of their authority appeared only by a resolution on the minute book, and of it the appellant had no notice.   He had before purchased bonds of the same issue, registered in the names of these trustees, which had been pledged as collateral for loans made the company, and his title to them had been fully recognized by the company.   The power of the officers to negotiate the loan and, as incidental to this power, to pledge the property of the company, is not disputed.   The trustees in delivering the bonds, as they had before delivered similar bonds, were acting within the scope of their apparent author-

ity.   Conceding that the directors could act only as a board, and that the trustees were not duly authorized to make delivery, we have only the case of agents exceeding their actual authority.   It is repugnant to every sense of justice and fair dealing that a principal shall avail himself of the benefits of an agent's act, and at the same time repudiate his authority. A corporation may not avail itself even of ultra vires as a defense where a contract has been entered into and executed in good faith by the other party and the corporation has received the benefit of the performance : Oil Creek, etc., Railroad Co. v. Penna. Transportation Co., 83 Pa. 160 ; Boyd v. American Carbon Black Co., 182 Pa. 206.

The contention that the appellant's title was defective because the trustees had not executed a power of attorney for the transfer of the bonds, is without force.   The delivery of the bonds was an equitable assignment of them which could be enforced to protect the consideration paid to the company. It was the ordinary case of loaning money on collateral security.   The clear intention of the parties to the transaction was that the legal title should be vested in the appellant, and he had at the time blank powers of attorney which had been delivered to him with the bonds accompanying the notes which he bought, which could be used for the purpose of transferring these bonds.   There was no necessity for making new powers.

We are of opinion that the appellant is entitled to recover from the fund in court the amount of the loan he made, with interest thereon.

The order of the court affirming the auditor's report is reversed, and it is directed that distribution be made as indicated in this opinion.