# First National Bank of Bangor *v.* American Bangor Slate Company, Appellant.

*Amendments—Practice, C. P.—Promissory notes—Corporations—Treasurer.*

1. In an action against a corporation as indorser of promissory notes where the case as originally presented shows that the notes had been indorsed in the name of the company by the treasurer, but do not show his authority, the statement of claim may be amended without thereby introducing a new cause of action, by alleging a course of dealing between the plaintiff and defendant whereby the defendant was estopped from setting up want of authority in its treasurer to execute the notes, and by averring that the execution of the notes had been ratified and confirmed by the defendant, and that the latter had received the consideration of them.

*Practice, C. P.—Trial by court without a jury—Finding of facts.*

2. Where a case is tried by the court without a jury, the findings of fact by the trial judge based upon sufficient evidence, will not be reversed by the appellate court in the absence of manifest error.

*Corporation—Promissory notes—Indorsement of treasurer—Estoppel.*

3. A corporation which receives the consideration for promissory notes signed by its treasurer alone and recognizes its liability again and again by paying the discount upon the renewals and part of the principal, cannot later disaffirm the contract upon the ground of want of authority in its treasurer to indorse.

4. While the treasurer of a corporation has no power, merely by reason of his office as treasurer to contract for a corporation, if the treasurer has been accustomed to make certain contracts for the corporation, and the corporation has acquiesced in them, it is estopped from denying his agency in making new contracts of a similar kind.

Argued May 5, 1910. Appeals, Nos. 39 and 40, Jan. T., 1910, by defendant, from judgments of C. P. Northampton Co., Sept. T., 1903, No. 88, and April T., 1904, No. 35, on verdicts for plaintiff in cases of The First National Bank of Bangor v. The American Bangor Slate Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on two promissory notes. Before STEWART, J., without a jury.

The notes in suit were as follows:

"2,850.00                    August 21st, 1899.

Cancelled.   Four months after date we promise to pay to
the order of A. B. Slate Co. Twenty Eight

I R                           x
50c.         hundred & fifty —— Dollars at First Nat.
Cancelled                    100
I. R.        Bank, Bangor, Pa.
4c.

             Value received

Cancelled
I R          Countersigned
4c.

             "C. S. Ford        STAR SLATE Co.
               "Secy.            Jno. Langmead.
                                  "Treas.

             "(ENDORSED.)
             "THE AMERICAN BANGOR SLATE Co.
                        "J. E. Long,
                           "Treasurer.
                     "Protest Waived
                        "J. E. Long, Treas.


"$8663.                BANGOR, PA., Oct. 1, 1899.

    "Four months after date I promise to pay to the order
of Union Mercantile Co. Eighty Six Hundred and Sixty
three Dollars, at the First National Bank of Bangor,
Penna.
"Without defalcation for value received.
    "Credit the drawer.
    "Jan. 1.
                        "(Signed) JOHN LOBB.

                "(ENDORSED.)
                   "UNION MERCANTILE Co.
                        "Oliver LaBar, Treas.
                "THE AMERICAN BANGOR SLATE Co.
                   "J. E. Long, Treasurer.

"We hereby waive protest on note

                    "Union Mercantile Co.

"For value received we do hereby waive demand and notice of protest on the within note, and guarantee the payment of same.

                    "Union Mercantile Co.,
                         "Oliver LaBar, Treas.
                         "J. E. Long, Treas.
                    "American Bangor Slate Co.

" (Cancelled Revenue Stamps $1.74.)"

The facts appear in the opinion of the Supreme Court.

The court entered judgment for the plaintiff for $11,897.12.

*Errors assigned* were the findings of fact and conclusions of law of the trial court.

*E. J. Fox*, of *E. J. & J. W. Fox*, and *H. J. Steele*, with them *William Jay Turner*, for appellant.—The amended statement was a new cause of action: Winters v. Mowrer, 163 Pa. 239; Grier Bros. v. Assurance Co., 183 Pa. 334; Philadelphia v. Hestonville, etc., Pass. Ry. Co., 203 Pa. 38; Mahoney v. Park Steel Co., 217 Pa. 20; Lane v. Sayre Water Co., 220 Pa. 599.

The defendant was an accommodation indorser: Federal National Bank v. Coal Co., 220 Pa. 39; Brown v. Pettit, 178 Pa. 17; Wolf v. Hostetter, 182 Pa. 292; Clyde Coal Co. v. R. R. Co., 226 Pa. 391.

The company was not bound by treasurer's indorsement: Millward-Cliff Cracker Co.'s Est., 161 Pa. 157; Bank v. Harmony Land Co., 226 Pa. 440.

There was no estoppel by reason of course of dealing: Cope v. Dodd, 13 Pa. 33; Adams v. Ins. Co., 76 Pa. 411; Rhawn v. Edge Hill Furnace Co., 201 Pa. 637.

*Kirkpatrick & Maxwell* and *Aaron Goldsmith*, with them *J. Willard Paff* and *Reeder & Coffin*, for appellee.—The

amendment was no new cause of action: Smith v. Bellows, 77 Pa. 441; Knapp v. Hartung, 73 Pa. 290.

The evidence of course of dealing was admissible: Mohrfeld v. Building Association, 194 Pa. 488; Johnston v. Parker Savings Bank, 101 Pa. 597; First Nat. Bank v. Colonial Hotel Co., 226 Pa. 292.

The corporation ratified the act of the treasurer: Leather Mfrs. Nat. Bank v. Morgan, 117 U. S. 96 (6 Sup. Ct. Repr. 657); Myers v. Bank, 193 Pa. 1; Ruch v. Fricke, 28 Pa. 241.

OPINION BY MR. JUSTICE POTTER, July 1, 1910:

We have here two appeals which were argued together, from two separate judgments, in two suits in assumpsit, which were tried together in the court below. The First National Bank of Bangor sued The American Bangor Slate Company as indorser, upon two promissory notes; one for $2,850 and the other for $8,663. In defense it was alleged that the notes were indorsed by the treasurer of the defendant company, contrary to its by-laws, and without express authority of its board of directors, and that the defendant was an accommodation indorser. By agreement filed, the two cases were tried together before the court, without a jury, under the provisions of the act of April 22, 1874. The findings and opinion of the trial judge were filed, and judgment was entered in each case in favor of the plaintiff for the full amount of the note sued on, with interest. The statement of claim as originally filed in each case set forth copies of the notes, and averred their nonpayment. Upon the first trial, a nonsuit was entered upon the ground that there was no proof of execution, or of authority upon the part of the treasurer to indorse. The nonsuit was afterwards taken off, and plaintiff filed an amended statement of claim alleging a course of dealing between the plaintiff and defendant whereby the defendant was estopped from setting up want of authority in its treasurer to execute the notes; that the execution of the notes had been ratified and con-

firmed by the defendant; and that the defendant had received the consideration of the notes. It was contended that these amendments introduced new causes of action; but we do not think that they did. The causes of action were the promissory notes. They remained the same. The matter contained in the amendments might have been proved in the trial under the original pleadings in reply to the defense of lack of authority in the treasurer. The statute of limitations, if it had run, would apply to the promise to pay, in the notes themselves, but it would not affect the proof as to the fact that the defendant had received the consideration for the notes, and that it had ratified the acts of its treasurer in executing the notes. We are clear that no new cause of action was introduced by the amendments.

The record of this case shows that after a trial of almost microscopic thoroughness, the court found the controlling questions of fact in favor of plaintiff, and that the consideration for the notes was received by the defendant. That the indorsement of notes in the defendant's name by the treasurer was ratified. That there was such a course of dealing between plaintiff and defendant as justified the former in relying upon the signatures and indorsements of the company's notes made by the treasurer alone. It is unnecessary to recite in detail these findings, or to quote the testimony upon which the trial judge relied. It is sufficient to say that there was evidence upon which his findings may all be supported. We see no good reason why any of them should be modified in any way. We must assume the correctness of findings of fact where there is evidence to sustain them: Com. v. Ontario, etc., Ry. Co., 188 Pa. 205; Eichman v. Hersker, 170 Pa. 402. We have then the fact as established by the finding of the trial judge, that the original note for $2,850 was discounted by the plaintiff bank for the benefit of the defendant company; and that the proceeds, after being credited to the Star Slate Company, were transferred to the defendant's account, and were drawn out by defend-

ant's own check. He also found that one of the original notes which was afterwards included in the $8,663 note, was discounted for, and credited to, the account of defendant, and the other four notes were discounted for defendant, and the proceeds credited to the Union Mercantile Company, in payment of defendant's indebtedness to that company. When the notes fell due, defendant made part payment on some of them and renewed them all, in whole or in part, paying the discount on the renewals. "If a corporation receives the benefit of the action of its officers, it is bound thereby, whether the action was authorized or not:" Millward-Cliff Cracker Company's Estate, 161 Pa. 157. "A corporation cannot set up the defense of ultra vires to a note where it has received the property for which the note was given:" 3 Cook on Corporations (6th ed.), sec. 761. It will not do for the defendant to retain the advantage of the transaction and repudiate the burden. Having received the consideration for the notes, and recognized its liability again and again by paying the discount upon the renewals, and part of the principal on some of them, it cannot now disaffirm the contract upon the ground of want of authority in its treasurer to indorse. It is true that "the treasurer of a corporation has no power, merely by reason of his office as treasurer, to contract for the corporation. But if the treasurer has been accustomed to make certain contracts for the corporation, and the corporation has acquiesced in them, it is bound by a new contract of that kind entered into by him. It is for the jury to decide whether such a custom exists. A treasurer has no power to indorse the company's note for discount or sale, but if allowed to do so for a long time, such indorsements are legal:" 3 Cook on Corporations (6th ed.), sec. 717.

The court below found in these cases that the defendant company had for a long time allowed its treasurer to indorse notes for it. In the recent case of First Nat. Bank v. Colonial Hotel Co., 226 Pa. 292, our Brother MES-

TREZAT cites with approval this extract from 2 Thompson on Corporations, sec. 1564: "If the directors of a corporation acquiesce in the acts of its treasurer in executing or indorsing commercial paper, while holding himself out to the public as having authority so to do, they thereby constitute him the general agent of the corporation to make such indorsement." There was testimony in the present case that the plaintiff bank had previously discounted many notes signed or indorsed only by the treasurer of defendant company, in the same manner as the notes in suit, and those of which they were renewals, had been indorsed. It further appears that the notes so indorsed were paid by defendant without objection, as they came due.

We find no substantial merit in any of the assignments of error. They are all overruled, and the judgment is affirmed.