## Doylestown & Danborough Turnpike Road Company *v.* Philadelphia & Easton Electric Railway Company, Appellant (No. 1).

*Corporations—Contracts—Ultra vires—Turnpike company—Street railways.*

In an action by a turnpike company against a street railway company to recover rentals under a lease of the turnpike road to the defendant, the defendant cannot set up as a defense that the lease was not within the charter powers of either of the companies, where it appears that the defendant had obtained possession of the property under the lease, and continued to hold, use and enjoy it at the time the suit was brought.

Argued Nov. 23, 1911. Appeal, No. 212, Oct. T., 1911, by defendant, from order of C. P. Bucks Co., Feb. T., 1911, No. 6, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Doylestown & Danborough Turnpike Road Company v. Philadelphia & Easton Electric Railway Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for rentals.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

382 D. & D. T. RD. CO. *v.* EL. RY., Appellant (NO. 1).

Assignment of Error—Opinion of the Court.    [49 Pa. Superior Ct.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. C. Swartley*, of *Swartley & Bunting*, with him *John E. Snyder*, for appellant.

*Harmon Yerkes*, of *Yerkes, Ross & Ross*, with him *Henry O. Harris*, for appellee.

OPINION BY HEAD, J., March 1, 1912:

The several assignments of error present but a single question for our consideration. The learned court below made absolute a rule for judgment for want of a sufficient affidavit of defense and the defendant appeals.

The plaintiff sues to recover certain sums of money reserved by way of rental under the terms of a written lease duly executed by both plaintiff and defendant, both of the parties being corporations. The defendant does not deny the execution of the lease; nor that the sums sued for are according to the terms of the lease due and in arrears; nor that by virtue of the lease it obtained possession of the property of the plaintiff company which it still holds, uses and enjoys. It undertakes to defend against the recovery of the rental reserved by the lease—the consideration money of that use and enjoyment—on the single ground that it was not within the charter powers of either of the companies to enter into the contract referred to. The application of a well-established and familiar legal principle to such a state of facts makes it apparent that it is not competent for a defendant, under such circumstances, to make such a defense. Even if it were clear—but upon this point we express no opinion—that the lease was ultra vires, the proposition that after it has been executed by one party, the other may retain the property acquired by the lease and at the same time deny its obligation to pay the consideration money, is entirely an untenable one.

If authority be needed to support a conclusion so eminently reasonable and fair, it will be found in Oil Creek,

& Allegheny River Railroad Co. v. Penna. Trans. Co., 83 Pa. 160; Presbyterian Board of Relief v. Gilbee, 212 Pa. 310; Suburban Rapid Transit Street Ry. Co. v. Monongahela Gas Co., 230 Pa. 109. We quote but a single excerpt from the opinion of Mr. Justice FELL in Presbyterian Board of Relief v. Gilbee, 212 Pa. 310, as a clear and pithy statement of the principle: "A corporation may not avail itself even of ultra vires as a defense where a contract has been entered into and executed in good faith by the other party and the corporation has received the benefit of the performance." The application of this principle to the undisputed facts as shown by the pleadings left to the learned court below no other proper course than to enter the judgment complained of. This being true, it is manifest the time has not arrived for any consideration of some of the interesting questions so ably argued by the learned counsel for the appellant. The assignments of error are overruled.

Judgment affirmed.