### DEMONSTRATION PLANTATION CO. v. KEARNEY.

(Circuit Court of Appeals, Third Circuit. February 14, 1921.)

No. 2616.

Master and servant ⬡68—Double employment, with consent of both employers, compensable.

A plaintiff *held* entitled to recover compensation from a corporation for keeping its books, although he was at the same time employed as bookkeeper for another corporation, on a finding by the jury, supported by the evidence, that the double employment was with the knowledge and consent of both corporations.

In Error to the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action at law by Joseph B. Kearney against the Demonstration Plantation Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. W. Stoner and Maurice Chaitkin, both of Pittsburgh, Pa., for plaintiff in error.

L. P. Monahan, of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is a suit brought by the plaintiff below against the defendant, the Demonstration Plantation Company, to recover on a quantum meruit for services alleged to have been performed by him for said company at the instance and request of W. A. Roberts, its secretary, treasurer, and general manager. The defendant is an Alabama corporation engaged in selling, in that state, farms planted, or set out, in orange, pecan, and fig trees. The plaintiff was employed by the Alvarado Construction Company, a New Jersey corporation, engaged in the sale of banana producing farms owned by that company in Mexico. The Alvarado Company was organized, owned, and controlled by J. M. Bain and W. A. Roberts, and the defendant company was organized, owned, and controlled by these two gentlemen and John H. Henderson. The plaintiff had been working for the Alvarado Company, at first, as assistant bookkeeper, and later as bookkeeper, since 1909. The defendant company, from the time of its organization, in 1915, had its office at 339 Fifth avenue, Pittsburgh, and the Alvarado Company had its office on Fourth avenue, in said city.

The suit is based on an oral agreement between the plaintiff and W. A. Roberts, representing the defendant. The plaintiff testified that in April or May, 1916, Mr. Roberts called him over from the office of the Alvarado Company to that of the defendant company and said to him:

"Our books are in bad shape. I wish you would take hold of these books, put them in a system for me, and keep them. Understand, we are just organizing, and our bank account is low. I will take care of that later on."

He further testified that at his request Mr. Roberts then and there called Mr. Bain, his partner, over the telephone, at the office of the Alvarado Company, and told him of the above conversation; whereupon Kearney took the books of the defendant company, with the accounts, from the office of the defendant company over to the office of the Alvarado Company on Fourth avenue, re-ruled a new set of books for the defendant, and rewrote them from the inception of the company, and kept them until about May 1, 1918. This conversation constitutes the alleged agreement. Defendant admitted that plaintiff kept the books of the defendant company from about May 1, 1916, to May 1, 1918, but denied that any agreement or contract was made between it, or any one representing it, and the plaintiff, and alleged that plaintiff kept the books because directed to do so by the officers of the Alvarado Company, in whose employ he was; that the defend-

ant company paid the Alvarado Company for the work of keeping said books by plaintiff; and that the regular salary which the Alvarado Company paid plaintiff included the work done by him on the books of the defendant company.

Upon the pleadings and proofs the jury returned a verdict for the plaintiff in the amount of $1,818.66. The verdict of the jury has established the disputed facts in the case, and the verdict must stand, if the testimony is sufficient to sustain it, unless the court committed reversible error in the admission or rejection of evidence, or in the submission of the case to the jury.

If the facts of the contract, as stated by plaintiff, be admitted, defendant contends that they are too indefinite as to parties, subject-matter, and compensation to constitute a valid contract. We are not able to agree with this contention. The identity of the parties and subject-matter is entirely clear. The plaintiff sued for $75 per week, or the aggregate amount of $7,800. Whether or not the plaintiff was entitled to anything under the evidence was a question for the jury. It found that the plaintiff was entitled to a verdict, but that the amount sued for was too much, and reduced it to $1,818.66. We cannot say that this is excessive or unreasonable.

The defendant further contends that the verdict should not stand, because the plaintiff was acting in a dual capacity, as a servant of two separate employers. A servant may not recover double compensation, from two employers, except upon clear proof of the consent of both employers to double service and double compensation. Pennsylvania Railroad Co. v. Flanigan, 112 Pa. 558, 4 Atl. 364. According to plaintiff's testimony, the dominant officers of both corporations knew of his services, to be rendered to the defendant, and consented to the terms thereof; that for two years, while it was being performed, no objection was raised. The court submitted this question under proper instructions to the jury, which found for the plaintiff, and his testimony, which must have been believed by the jury, was sufficient, if believed, to establish consent. The plaintiff also testified that it was the understanding and agreement between him and the Alvarado Company that he was not to devote his entire time to its work, but that he was to keep the books of that company only; that he kept the books, as above stated, and that with the knowledge of, and without objection by, the Alvarado Company, he carried on several lines of business outside of his employment with that company are admitted in the testimony of said officers of both companies.

The verdict of the jury settled the fact that W. A. Roberts employed the plaintiff to keep the books, not for himself and on his own account, as defendant contended, but for the defendant company. The fact of the employment, however, is raised here, and not the authority of Mr. Roberts. The verdict of the jury has settled the fact, and the defendant corporation, having had the benefit, may not now repudiate the burden, of plaintiff's services. Presbyterian Board v. Gilbee, 212 Pa. 310, 61 Atl. 925; First National Bank v. Am. Bangor State Co., 229 Pa. 27, 77 Atl. 1100; Hartzell v. Ebbvale Mining Co., 239 Pa. 602, 86 Atl. 1093.

The learned trial judge properly submitted the case to the jury, and we do not find any error in his rulings upon the evidence, or his refusal to charge, which justifies reversal. The judgment will therefore be affirmed.