Ketchum et al., Appellants, *v.* Conneaut Lake Co.

Argued September 30, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*William S. Doty,* with him *Thomas A. Thornton,* of *Doty & Thornton,* for appellants.—In action upon oral agreement to undertake similar work on the same terms set forth in a previous written contract between the parties, the terms of that previous written contract are vitally material: Maryland Casualty Co. v. Specht, 83 Pa. Superior Ct. 429.

A contract in writing, but not required to be so by the statute of frauds may be dissolved or varied by a new

oral contract, which may or may not adopt as part of its terms some or all of the provisions of the original written contract: American Colortype Co. v. Colortype Co., 188 U. S. 104, 107.

Reply, in an affidavit of defense, evasively denying matters not alleged, but not answering plaintiffs' allegations, is not a denial of those allegations: Fulton Farmers Assn. v. Bomberger, 262 Pa. 43; Boles v. Electric Co., 89 Pa. Superior Ct. 160; Weaver v. Shimer, 91 Pa. Superior Ct. 186; Clydesdale B. & S. Co. v. Indemnity Co., 79 Pa. Superior Ct. 462.

Where the affidavit of defense, instead of a specific denial, pleads a legal conclusion, in an argumentative manner, or after making a general denial interprets it by stating a denial of things not alleged in the statement of claim, and that in a vague and indefinite way, it will be held insufficient: Franklin Sugar Refining Co. v. Simon John & Bros., 1 Pa. D. & C. 317, 320; Baker v. Tustin, 245 Pa. 499.

An agreement to execute a formal written contract, all the terms of which are agreed upon, is valid, although the writing be not signed: Jester v. R. R., 267 Pa. 10; Flannery v. Dechert, 13 Pa. 505; P. R. R. v. Bost, 104 Pa. 26; Heyer v. Piano Co., 6 Pa. Superior Ct. 504.

This private corporation, having knowingly accepted and retained the benefits of full performance by plaintiffs, could not thereafter repudiate the contract for lack of formal resolution of its board of directors: Smith v. Steel Car Co., 262 Pa. 550; Jester v. R. R., 267 Pa. 10; McBride v. Paper Co., 263 Pa. 345; Kentucky Bank v. Combs, 7 Pa. 543; Goldbeck v. Bank, 147 Pa. 267; Graff v. Callahan, 158 Pa. 380; Presbyterian Board v. Gilbee, 212 Pa. 310; Carlisle & Finch v. Sand Co., 20 Pa. Superior Ct. 378; Grove v. Hidges, 55 Pa. 504.

Defendant should not have been permitted to take advantage of its own previous false oath, and of its own laches, by the belated amendment: Fulton Farmers Assn. v. Bomberger, 262 Pa. 43.

There is not a case in the books where such an amendment has been permitted under the circumstances here presented.

Amendments at the trial are never allowed where the parties knew the truth when the original pleading was filed: Greth v. Fisher, 29 Pa. Dist. 836.

*G. D. Prather,* with him *E. Lowry Humes,* for appellee.—A corporation is not bound by the unauthorized act of one of its officers even though there may be performance on the part of the other party, where the corporation has neither knowledge nor has ratified said unauthorized act: Shields v. Hitchman, 251 Pa. 455; Daley v. Iselin, 218 Pa. 515; Allegheny County Workhouse v. Moore, 95 Pa. 408; Martin v. Lumber Co., 260 Pa. 218.

There is no competent evidence offered by plaintiff on which the jury could assess the amount due plaintiff under the alleged oral contract, even if the jury finds that such an alleged oral contract was actually made and binding upon the defendant.

The trial court may properly allow an amendment at the trial where such amendment does not introduce a new cause of action: Steffey v. Carpenter, 37 Pa. 41; Knapp v. Hartung, 73 Pa. 290; Loeper v. Haas, 24 Pa. Superior Ct. 184; Perry v. Bank, 270 Pa. 556.

OPINION BY MR. JUSTICE SIMPSON, November 28, 1932:

Plaintiffs appeal from a judgment of the court below refusing to set aside a compulsory nonsuit. At the bar of this court, it was expressly admitted by defendant's counsel that, except as to the proof of liability under the contract in suit, there was sufficient evidence produced by plaintiffs to take the case to the jury. To a consideration of this point, we will, therefore, as far as may be, limit ourselves in this opinion; bearing in mind always that on appeals from a refusal to set aside a nonsuit, since sustaining it is a determination by the court that the plaintiff did not produce sufficient evidence to jus-

tify the submission of the issues raised by the pleadings to the jury for its consideration, all the facts and inferences therefrom, which are favorable to plaintiff, must be accepted as true, and all favorable to defendant, if depending solely on testimony, must be rejected: McDonald v. Pittsburgh, 278 Pa. 485; Kilpatrick v. P. R. T. Co., 290 Pa. 288.

Plaintiffs declared on an alleged oral agreement to pay them a stated commission for assisting defendant's officers to induce the Eightieth Division Veterans' Association to hold its 1928 convention at Conneaut Park, then owned and operated by defendant. It was alleged that the terms of this oral agreement were to be exactly the same as those set forth in a written agreement, made about a year before, by plaintiffs and defendant, a copy of which was attached as Exhibit A to the statement of claim. Defendant's vice-president, who negotiated and executed the written agreement on behalf of defendant, was the same person who negotiated the new oral agreement in suit. It was further alleged that the oral agreement was to be followed by a written agreement embodying the same terms, and plaintiffs were requested to and did prepare it, and gave it to the vice-president. The latter alleged, however, that he could not get it executed forthwith, because of the absence of certain of defendant's officials, but said: "I talked to one or two of the members and everything is all right, you go right ahead with your work." The necessity for this urgency was that the 1927 convention of the veterans' association was to open the next day, and if anything was to be done to bring the 1928 convention to defendant's park, it would have to be done while the 1927 convention was in session. For this reason, plaintiffs were willing to and did go ahead; and, in conjunction with defendant's vice-president and other officers, sent by defendant to the 1927 convention to assist, under plaintiffs' supervision and direction, the veterans' association was finally induced to agree to and the next year did hold its 1928 conven-

tion in defendant's park. It was further averred that defendant knew of the services being performed by plaintiffs for its benefit and did not object thereto, but, on the contrary, accepted the benefit thereof and never even protested until after the services were all rendered.

There was ample evidence of all the facts above set forth; much of it conclusively shown by the pleadings in the case. The defense, so far as relates to the question of contract or no contract, consisted of (a) a denial "that there was any agreement to compensate plaintiffs for any services they undertook to render in the matter," apparently basing this contention on the allegation that its board of directors never "authorized [its officers] or any of them to enter into the oral contract with plaintiffs;" (b) that "as averred in paragraph 5 of plaintiffs' statement of claim, it was distinctly understood that before any agreement was to be consummated between the parties, 'a written contract' was to be prepared which, as again averred in paragraph 6 of plaintiffs' statement of claim, was 'never in fact signed.' Defendant therefore avers that no contract was ever consummated between it or any one assuming to act in its behalf and plaintiffs herein, hence the obligation pleaded does not, in fact, exist." This argumentative and, therefore, bad averment, is untrue in both law and fact. In law, because where the parties have agreed orally to all the terms of their contract, and a part of the mutual understanding is that a written contract embodying these terms shall be drawn and executed by the respective parties, such oral contract may be enforced, though one of the parties thereafter refuses to execute the written contract: Schermer v. Wilmart, 282 Pa. 55, 58; Taylor v. Stanley Co. of America, 305 Pa. 546. In the instant case, the exact terms of the contract in suit are set forth in the previous written contract. The assertion is untrue in fact, because the fifth paragraph of plaintiffs' statement simply avers that the "vice-president of defendant, at the time orally agreed to procure for plain-

tiffs a written contract" identical with the previous written contract, which set forth the terms of the present agreement; it does not aver that which defendant alleges above.

Defendant further objected (c) that it is "advised and avers that Exhibit A [which was the earlier written contract of the parties, a copy of which was attached to the statement of claim] has no relation to the pending controversy between plaintiffs and defendant company; that if any contract described in Exhibit A was actually made by J. G. Klinginsmith [defendant's vice-president], it was without authority and cannot be made the basis of pleading in lieu of setting forth the express terms of the contract relied upon in this proceeding." What is said above in answering objection (b) answers this also, except on the question of authority to make the contract, which is included in objection (a). This, and the question of liability aside from that of authority are, then, the only points which need consideration. Perhaps it should be said, however, that objection (c) is apparently the reason why the trial judge excluded Exhibit A when duly proved and offered in evidence. Of course, this reason is no basis for that ruling. If defendant is liable at all, it is liable under the oral contract, which made Exhibit A the standard for determining the extent of its liability. This being so, that exhibit is not only proper evidence, but being, in fact, the best evidence, since it is the only document, signed by both litigants and containing the exact terms of the contract in suit, and being also available for use, it is, in law, the only admissible evidence: Crozer v. New Chester Water Co., 148 Pa. 130; 1 Williston on Contracts, section 47; American Colortype Co. v. Continental Colortype Co., 188 U. S. 104, 107.

The pleadings themselves determine that defendant is liable for some amount. Paragraph 3 of the statement of claim sets out the written agreement in Exhibit A. In view of what we have already said, it was error to exclude it when offered in evidence, since the facts averred

are not denied in the affidavit of defense: section 6 of the Practice Act of 1915, as amended by the Act of March 30, 1925, P. L. 84, 85. For the same reason it was error to refuse to admit in evidence section 5 of the statement. Taking these sections in conjunction with the others admitted in evidence by the court below, all of which allegations of fact, under section 6 of the statute, are to be taken as true, we have the following facts admitted of record: Plaintiffs are partners engaged, inter alia, in "the solicitation of conventions for places and resorts desiring such conventions." Defendant is a corporation conducting an amusement resort at or near Lake Conneaut. A year before the making of the contract in suit, plaintiffs and defendant entered into the written agreement known as Exhibit A, by which plaintiffs were to attempt to secure for defendant, at a stated compensation, "the annual state convention of the American Legion, Pennsylvania, [to be held at defendant's park] for the year 1928." This agreement was signed by defendant's vice-president for it. On or about the 29th day of August, 1927, the same vice-president and plaintiffs entered into an oral agreement by which plaintiffs were to "undertake similar work on the same terms," as respects the 1928 convention of the Eightieth Division Veterans' Association" for defendant's park, the vice-president orally agreeing "to procure for plaintiffs a written contract substantially identical with Exhibit A." The vice-president did not get the written contract, but plaintiffs, "on the faith of his oral agreement,......entered upon the work of procuring the 1928 convention of the......veterans' association," and it was in fact held at defendant's park. Plaintiffs, assisted by defendant's officers, as above set forth, did the requisite work for securing the convention. "During the course of [plaintiffs'] work......defendant had full knowledge of the said [oral] agreement......on the faith of which oral agreement [plaintiffs] were conducting the negotiations [through certain named officials including the vice-pres-

ident] and never at any time disputed the existence of the oral agreement or the agreement to enter into a written contract" until after defendant had received the full benefit of plaintiffs' services. The statement also averred that plaintiffs were entitled to be paid for their services, on the percentage basis stipulated in Exhibit A, the sum of $5,000. This, also, was admitted in evidence, though the admission as to the amount which plaintiffs were entitled to recover was reduced to $1,000, by an amendment to the affidavit of defense, allowed to be made by the trial judge during the course of the trial.

The plaintiffs also produced evidence of the facts thus averred; and hence, from either standpoint, the trial judge erred in not submitting the case to the jury. So far as appears, the vice-president who entered into the oral agreement with plaintiffs, was the person authorized to act for defendant in regard to obtaining conventions for defendant's park. He is the one who negotiated with plaintiffs and signed the agreement of the preceding year. In Bangor & Portland Ry. Co. v. American Bangor Slate Co., 203 Pa. 6, 9-10, it is said that "Contracts made by corporate officers, without authority, which have not been formally confirmed and ratified, may, however, be effectual in equity and have controlling force, if, with full knowledge of all material circumstances,......the benefits are accepted and retained." In McBride v. Western Pa. Paper Co., 263 Pa. 345, 350, it is said, in an opinion written by the present Chief Justice: "Defendant also denied liability, averring no action by its board of directors or other officials binding upon it as a corporation and that the contract, even if made, was ultra vires. The answer to both these contentions is the corporation accepted the benefit of the transaction and thereby ratified or adopted the acts of its representatives and, consequently, is estopped from setting up a defense that the contract was entered into without authority, or that it was beyond the power of the corporation to make. 'It is repugnant to every sense of justice and fair dealing

that a principal shall avail himself of the benefits of an agent's act, and at the same time repudiate his authority. A corporation may not avail itself even of ultra vires as a defense where a contract has been entered into and executed in good faith by the other party and the corporation has received the benefit of the performance: Oil Creek, etc., R. R. Co. v. Penna. Transportation Co., 83 Pa. 160; Boyd v. American Carbon Black Co., 182 Pa. 206'; Presbyterian Board v. Gilbee, 212 Pa. 310, 314."

What has been said compels a reversal of the judgment of nonsuit, and leaves but one other matter to be considered. Under the original affidavit of defense, there was no denial of plaintiffs' averment of fact touching the amount upon which its percentage of compensation was to be calculated. While the trial was in progress, the trial judge allowed an amendment, by which, if true, plaintiffs could recover but one-fifth of the amount which they claimed, but, if entitled to recover at all, was, admittedly, entitled to that much. In the exercise of a sound discretion the trial judge might well have refused to allow the amendment at that time: Lamborn v. Kirkpatrick & Co., 288 Pa. 114, 119. But, as the case has to be retried, ample time exists in which plaintiffs can prepare to meet its averments, as may be done by producing the evidence presented at the trial under review, inter alia; plaintiffs may further show by the use of the pleadings, that this defense is wholly an afterthought; and they may also invoke the principle that, if doubt exists, those doubts, under the contract in suit, must be resolved against defendant.

The judgment of the court below is reversed and a venire facias de novo is awarded.