Klema, Jr. et al. *v.* Pa. Slovak Roman and Greek Catholic Union, Appellant.

128

Argued December 15, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Peter P. Jurchak,* and with him *Roscoe R. Koch,* for appellant.

*G. H. Gerber,* and with him *A. D. Knittle,* for appellee.

Opinion by Trexler, P. J., March 3, 1933:

This suit is brought by the Trustees of Local No. 117 Pa. Slovak Roman and Greek Catholic Union against Pa. Slovak Roman and Greek Catholic Union,

the supreme body in the State of Pennsylvania. The local society as "special guardian Anthony Stavacs Estate" by check dated June 22, 1917 paid to the defendant the sum of $700. The check was payable to the order of the president and treasurer of the supreme body, and upon the back thereof the following words were endorsed: "The amount represented by this check being returned at this time to headquarters of the union represented by Michael Lapchak, Pres., and John Cajko, Treas., for them to hold on deposit for a period of seven years after which to be returned to Cis. No. 117 Pa. Slovak R. & G. Cath. Union, St. Clair, Pa. Endorsement of this check constitutes an acceptance to the above agreement. Michael Lapchak, John Cajko, Treas." The seven years referred to in the endorsement having expired the present suit was brought for the return of the money. At the trial the court directed a verdict in favor of the plaintiff. The defense is that the officers representing the defendant were not authorized to execute said endorsement, that the check and endorsement were issued as a part of certain proceedings between the plaintiff and defendant relative to the payment of benefits under a policy issued by the defendant to one Anthony Stavacs, now deceased, that said Stavacs on February 12, 1911, had named John Kolin as beneficiary and subsequently on March 3, 1912 named the local branch the plaintiff in this case, as beneficiary, such designation being null and void, contrary to law (Act of April 6, 1893, P. L. 7, then in force) and in violation of the constitution and by-laws of the organization; that the grand body had on January 30, 1915 given a check to the local branch for $700 as beneficiary of Anthony Stavacs, and that the check for $700, containing the endorsement on which the plaintiff relies, was a refund of the sum paid to the local branch, and further that the supreme body in convention assembled at Pittsburgh

in 1927 by resolution duly passed directed that the money should remain in the treasury of that body. The action of the supreme body does not determine to whom the benefits belong, but merely decides that the money shall remain in its treasury.

It will be observed that the check on which the plaintiff relies was given by the local union as special guardian of Stavacs Estate. No reference to this feature of the case was made at the trial, but the use of the word "guardian" would seem to impose a trust on the money in question, and indicate that the plaintiff was a mere custodian of the sum in controversy. The affidavit of defense does not set out any provision of the by-laws as to the disposition of the death benefits where a party designated as beneficiary is ineligible, and probably there is no such provision. Where there is a designation of a beneficiary not allowed by law, an interesting question arises as to who is entitled to the money, 45 C. J. Section 193.

We are all of opinion that the above allegations do not disclose a valid defense to plaintiffs' demand. They are all set out in defendant's offer of proof which the court, after objection, declined to receive and to which action of the court, defendant's assignments of error are directed.

The lack of authority of the officers of the supreme body to bind it by the endorsement, above referred to, is no defense to the present action. When the officers took the check they were acting for the supreme body. The acceptance of the money by the society which they represented was a ratification of their act. The money had been in the possession of the local branch for two years. There must have been some prior negotiations, which led to the agreement contained in the endorsement. Presumably if the endorsement had not been agreed upon, the check would not have been given. The preliminary transactions are of no account for present

purposes as there is a positive obligation that the money shall be returned. The grand body cannot accept the money and repudiate the bargain. It will be noticed that the money was a ''deposit'' to be returned after seven years. Whoever may be ultimately entitled to the money the right of possession to it must now be accorded to the local branch. This does not necessarily impart ownership in the local branch, nor does it determine any rights of other persons that may claim that they are entitled to the death benefits represented by the sum in question. The other matters that appear in the affidavit of defense and in the offer of proof submitted by the defendant cannot now be determined in this present issue. The supreme body must stick to its contract entered into by its agents and restore the status existing when it received the money, of which it had the use for seven years. It is a familiar principle of law as stated in Presbyterian Board v. Gilbee, 212 Pa. 310, 61 A. 925; where it is said (p. 314): ''It is repugnant to every sense of justice and fair dealing that a principal shall avail himself of the benefits of an agent's act, and at the same time repudiate his authority. A corporation may not avail itself even of ultra vires as a defense where a contract has been entered into and executed in good faith by the other party and the corporation has received the benefit of the performance.'' Cited in a number of cases, the last being Ketchum v. Conneaut Lake Co., 309 Pa. 224.

The assignments of error are overruled. The judgment is affirmed.