386 A.2d 122
**Gloria Hayutin SPRINGER, Appellant,**

v.

**Roy Abbott SPRINGER.**

Superior Court of Pennsylvania.

Argued April 13, 1977.

Decided April 28, 1978.

Wiley A. Bucey, Jr., Pittsburgh, with him Frank A. McFerran, Jr., Pittsburgh, for appellant.

Samuel L. Rodgers, Washington, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This appeal is from an order sustaining preliminary objections in the nature of a demurrer.

Appellant sued in equity to compel specific performance of a property settlement agreement that she alleges was agreed to by appellee, her estranged husband. In his preliminary objections appellee contended that the complaint revealed on its face that he had not agreed to the property settlement agreement. The lower court found this contention meritorious, sustained the preliminary objection, and dismissed the complaint. We reverse.[1]

The complaint averred, in pertinent part:

12. Prior to January 21, 1975, the parties, through their counsel, reached agreement on a property settlement which on January 21, 1975 was reduced to writing by Frank A. McFerran, Jr., counsel for Plaintiff, and submitted to Louis P. Vitti, Esq., counsel for Defendant. On or about January 31, 1975, Mr. McFerran prepared and delivered to Mr. Vitti a proposed deed from Plaintiff to Defendant covering the parties' residence and a proposed mortgage from Defendant to Plaintiff, also covering the residence, to secure payment of Defendant's deferred obligations to Plaintiff under the property settlement.

---

1. Appellee's other preliminary objections, not ruled on by the lower court, are without merit. His allegation that the settlement agreement is unconscionable, based as it is on a fact not of record, is a speaking demurrer and so must be ignored. *Stahl v. First Pennsylvania Banking and Trust Co.*, 411 Pa. 121, 132 n.*, 191 A.2d 386, 392 n.* (1963). His allegation that appellant has an adequate remedy at law is contradicted by the complaint and by the terms of the settlement agreement.

13. On or about February 4, 1975, Defendant returned to Greene County pursuant to the understanding between the parties and their counsel that a property settlement had been reached and would be implemented forthwith.

14. On or about February 8, 1975, Defendant, through his counsel, Louis P. Vitti, Esq., requested of Plaintiff, through her counsel, that Defendant be permitted to have a checking account and receive compensation from his employer, Drs. Barger and Gordon, Inc., so that, inter alia, Defendant could make arrangements to begin disbursing payments to Plaintiff. At said time, Defendant's counsel assured Plaintiff's counsel that Defendant had signed the Property Settlement Agreement submitted to Plaintiff's counsel as well as the mortgage and that he would sign the wage attachments although, through inadvertence, he had failed to do so at the time the Property Settlement Agreement and mortgage were signed. Plaintiff's counsel in turn advised Defendant's counsel that Plaintiff had signed a copy of the Property Settlement Agreement.

15. The conversation of February 8, 1975 between counsel for the parties was confirmed in material part in writing by letter dated February 11, 1975 from Mr. Vitti to Mr. McFerran, copy of which is appended hereto as Exhibit "A" and incorporated herein by reference. Said letter expressly assured Plaintiff and her counsel that the initial payment of $60,000 would be in the possession of Defendant's counsel within 10 days and requested that the attachment be dissolved "since this case is settled and requires only exchange of funds".

16. A true and correct copy of the Property Settlement Agreement agreed upon between the parties is appended hereto as Exhibit "B" and incorporated herein by reference. Said copy has been signed by Plaintiff. The copy signed by Defendant is in the possession of Defendant's counsel, Louis P. Vitti, Esq.

17. On February 12, 1975 in response to the request of Defendant, made through his counsel, Plaintiff's counsel, acting on behalf of Plaintiff, signed a Stipulation to dissolve

the attachment of Defendant's property and forwarded same to Defendant's counsel for filing with the Court. A true and correct copy of said Stipulation is appended hereto as Exhibit "C" and incorporated herein by reference.

18. At the same time that Plaintiff's counsel sent said Stipulation to Defendant's counsel, Plaintiff's counsel also wrote this Court advising that the Stipulation had been executed by Plaintiff's counsel based on the assurances contained in Mr. Vitti's letter of February 11, 1975. A true and correct copy of said letter, being letter, dated February 12, 1975, from Frank A. McFerran, Jr., Esq. to the Honorable Glenn Toothman, is appended hereto as Exhibit "D" and incorporated herein by reference.

In deciding whether a preliminary objection was properly sustained, we must take as true all material facts well pleaded in the complaint and all inferences fairly deducible from those facts. *Yania v. Bigan*, 397 Pa. 316, 155 A.2d 343 (1959). Doing so here, we find that appellant pleaded: (1) that she and appellee, through their counsel, made an oral agreement on property settlement (Paragraph 12 of the complaint); (2) that the agreement was reduced to writing by appellant's counsel (Paragraph 12), and was signed by appellant (Paragraph 16); and (3) that appellee signed a copy of the agreement forwarded by appellant's counsel to appellee's counsel (Paragraphs 14 and 15).

Where parties have reached an oral agreement, the fact that they intend to reduce the agreement to writing does not prevent enforcement of the oral agreement. *Ketchum et al. v. Conneaut Lake Co.*, 309 Pa. 224, 163 A. 534 (1932). Appellee insists that the *parties* did not reach an oral agreement, only their attorneys did; and "[c]ertainly, the attorneys themselves did not have the authority to enter into any oral agreement binding upon their clients without their clients' approval." Appellee's Brief at 11. This argument has no merit. Appellant has pleaded that the attorneys *did* have the authority: she alleges that "the parties, *through their counsel*, reached agreement on a property settlement." (Paragraph 12, emphasis added.) Appellee's assertion that "[c]ertainly, the attorneys themselves did *not*

have the authority" (emphasis added) is an assertion of fact outside the record and therefore inappropriate to a brief.

Appellee and the lower court relied on *Archbishop v. Karlak*, 450 Pa. 535, 299 A.2d 294 (1973), a case we find inapposite. There, the Supreme Court held that a consent decree entered into by the parties' attorneys was not binding because the record as a whole failed to disclose that the attorneys had express authority to bind their clients. Here there is no comparable record; perhaps at trial appellant will be unable to prove the necessary authority, but that remains to be seen.[2]

Reversed, and remanded for filing of an answer by appellee.

WATKINS, former President Judge, and VAN der VOORT, J., did not participate in the consideration or decision of this case.

---

**2.** We should not be understood to mean that the oral agreement is appellant's only hope for success. Her complaint (Paragraphs 14, 15, 17, 18) suggests the possibility of proving that appellee is estopped from denying either the oral agreement or his attorney's authority. *See Ketchum et al. v. Conneaut Lake Co.*, supra, 309 Pa. at 232–33, 163 A. at 536.