# Hartzell *v.* Ebbvale Mining Co., Appellant.

*Corporations—Promissory notes—By-laws—Course of dealing— Waiver—Estoppel—Evidence.*

1. Where promissory notes are executed solely by the treasurer of a corporation, whose by-laws provide that such notes must bear the signature of both president and treasurer, and shall have the corporation seal affixed, which was not done, the defense of irregularity of issue is, as a general proposition, good.

2. Where, however, the corporation has received the benefit of the proceeds of such notes, although irregularly issued, or where there has been a course of dealing of the same irregular character between the same parties over a course of years, or where the entire management and control of the corporation has been allowed to pass into the hands of the officer who executed the notes in its name, it may be estopped from denying liability, and a verdict for the amount of the notes based upon evidence to show these facts would be upheld.

3. Where in such case the proceeds of two promissory notes so issued by defendant corporation had been received and used by it in its business, it was properly held liable for the amount thereof. Where, however, the defendant corporation was sought to be charged with liability upon another promissory note so issued, where it did not appear that the proceeds thereof had been used in its business, it was error for the court to allow evidence to be introduced to show a course of dealing between the holder of the notes and the former owner of the business of the defendant corporation, it not appearing that there was any connection between the defendant corporation and such former owner so as to bind defendant on account of any action of his.

Argued Feb. 3, 1913. Appeal, No. 158, June T., 1912, by defendant, from judgment of C. P. Montgomery Co., Oct. T., 1910, No. 276, on verdict for plaintiff in case of Henry K. Hartzell v. Ebbvale Mining Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit on promissory notes. Before WEAND, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,337.87.   Defendant appealed.

*Errors assigned* were various ruling on evidence and instructions to the jury.

*Nicholas H. Larzelere*, with him *Charles T. Larzelere* and *Franklin L. Wright*, for appellant.—The limitation of evidence showing course of dealing is well stated in Louchheim v. Somerset Bldg. & Loan Assn., 211 Pa. 499.

That a course of dealing with the person who violates the by-laws is not sufficient is shown in Worthington v. Railway Co., 195 Pa. 211.

Knowledge of the by-law by the plaintiff is not the test.   He was bound to ascertain the status of the other contracting party: Millward-Cliff Cracker Co.'s Est., 161 Pa. 157.

*Montgomery Evans*, with him *John M. Dettra* and *Reuben J. Butz*, for appellee.—A corporation undoubtedly has the right to impose restrictions in the conduct of its business.   But if it fails to observe any such restrictions, and commits all of its business to the management of one man it waives any by-law that it may have adopted, but never lived up to: Chestnut Street Trust & Sav. Fund Co. v. Record Publishing Co., 227 Pa. 235; Culver v. Pocono Spring Water Ice Co., 206 Pa. 481; Dougherty v. Hunter, 54 Pa. 380; Millard-Cliff Cracker Co.'s Est., 161 Pa. 157.

Where the corporation has received the benefit of the proceeds of a promissory note irregularly executed it cannot take advantage of the by-law: Millard-Cliff Cracker Company's Est., 161 Pa. 157; First National Bank v. American Bangor Slate Co., 229 Pa. 27; Worthington v. Railway Co., 195 Pa. 211; Wayne Title & Trust Co. v. Railway Co., 191 Pa. 90; MacGeorge v. Chemical Mfg. Co., 141 Pa. 575.

OPINION BY MR. JUSTICE ELKIN, March 17, 1913:

This suit was brought to recover the amount due on three promissory notes alleged to have been executed and delivered by the defendant corporation to plaintiff. The defense was that the notes were not executed as required by the by-laws of the corporation and that they were not given for corporate indebtedness. The case went to trial on the pleadings and a verdict was returned in favor of plaintiff. . The assignments of error relate to the admission and rejection of testimony and the instructions of the court at the time of the trial. Appellant is a foreign corporation incorporated in 1905 under the laws of the State of Maryland for the purpose of engaging in the business of mining clay. Prior to its incorporation this business was conducted by an individual in the trade name of the Findlay Mining Company, and no doubt the defendant corporation was organized for the purpose of taking over the business which had been theretofore conducted as an individual enterprise. But in the present case we have to do with the corporation and not with the individual enterprise. The suit is brought against the corporation and the right to recover depends upon its liability to pay the notes in question. The by-law provides: "All contracts of the corporation shall be signed by the president, attested by the secretary, and sealed with the corporation seal, unless the board of directors or stockholders at regular meetings shall otherwise order to the contrary." There is no evidence to show that this by-law was ever abrogated and for the purposes of the present case it must be assumed to be in force. The notes in suit were not signed, attested and sealed as required by the by-law, and it is earnestly contended that failure to execute the notes in accordance with the requirements of the by-law relieves the corporation from liability thereon. As a general proposition of law this may be said to be a good defense, but it is subject to several exceptions which have become as well recognized as the rule itself. The

following may be stated as exceptions to the general rule: (a) If the corporation has received the benefit of the proceeds of the notes sued on, although irregularly executed, it is liable even if the notes were executed in disregard of the provisions of the by-law; (b) a previous course of dealing of the same irregular character between the same parties for a term of years may be deemed a waiver of the by-law and make the corporation liable on its contract even if the same has not been properly executed; (c) where the entire management and control of the corporation is allowed to pass into the hands of one of its officers who executes contracts in the name of the corporation, it may be, and often is, estopped by acquiescence from denying liability because the by-law had not been observed. The following cases fully support the general propositions above stated: Dougherty v. Hunter, 54 Pa. 380; Culver v. Pocono Spring Water Ice Co., 206 Pa. 481; First National Bank v. Colonial Hotel Co., 226 Pa. 292; Chestnut St. Trust & Sav. Fund Co. v. Record Publishing Company, 227 Pa. 235. An examination of the record in the present case convinces us that there is ample testimony from which a jury could draw the inference that the corporation had practically abandoned the management and control of its business to the person who executed the notes in its corporate name. There is also testimony tending to show that stockholders and directors acquiesced in the manner in which its business was transacted by James Findlay, Jr., who signed the name of the corporation to the notes in suit. Then, again, it is not disputed that the proceeds of two of the notes in suit were paid to the corporation and went into its treasury. The note for $700 and the one for $725 represent actual cash loaned by Hartzell to the corporation. The proceeds were deposited to the credit of the corporation and were used by its general manager to meet pay-rolls. As to these two notes appellant has no legal defense because it received the proceeds and used the money in its business.

The third note for $500 represents a portion of an old debt of the Findlay Mining Company to Hartzell, alleged to have been assumed by the appellant corporation at the time it was organized and took over the assets of the original mining company. If the corporation did assume this debt it would be liable on the note given to secure its payment. But this does not clearly appear in the evidence and seems to have been overlooked at the trial. Appellant may or may not be liable on the $500 note, depending upon what the contract was when the assets of the original mining company were taken over at the time the corporation was organized. This question can be inquired into when the case is again tried.

We agree with the learned counsel for appellant that it was error to allow the introduction of testimony showing a course of dealing with the Findlay Mining Company for the purpose of affecting the rights of the parties to this suit. The Findlay Mining Company is not a party to the present litigation and what it may have done in a course of dealing with Hartzell cannot be regarded as in any way affecting the liability of the defendant corporation on the notes in suit. When the case is again tried it will be necessary to confine the offers of testimony tending to show a previous course of dealing to the period between the incorporation of appellant and the date of giving the notes. The corporation would be liable on these notes without reference to a previous course of dealing between the parties if it accepted the benefits of the contract and made use of the proceeds. The $500 note is on a little different basis and may require the introduction of testimony to explain the transaction and fix the liability of the corporation.

The first, second and third assignments of error are sustained. The fourth assignment is also sustained insofar as it relates to the Findlay Mining Company. The fifth, sixth, seventh, eighth and ninth assignments are overruled.

Judgment reversed and a venire facias de novo awarded.