# Martin, Appellant, *v.* Inter-State Lumber Company.

*Judgments—Judgment by default — Opening of judgment—Judicial discretion.*

1. Where in an action on promissory notes brought against a corporation, judgment for want of an appearance was entered, and thereafter a receiver was appointed for the corporation and the receiver applied to the court to open the judgment, alleging that the service of the summons had been improper, that plaintiff and the former treasurer of defendant company had been guilty of fraud in the issue of the notes, and that the notes had been executed by the treasurer, on behalf of the company, without authority, the court did not abuse its discretion in opening the judgment.

*Corporations—Officers—Treasurer—Powers—Receipt of benefits —Previous course of dealing—Acquiescence—Estoppel—Waiver.*

2. A corporation may be held liable for the act of an officer in issuing promissory notes, although their issuance was not especially authorized by the by-laws or by the board of directors, only (1) where the corporation has received the benefit of the proceeds of the notes sued on, although irregularly executed, or (2) where the previous course of dealing of the same irregular character between the same parties for a term of years may be deemed a waiver of the by-laws, or (3) where the entire management and control of the corporation is allowed to pass into the hands of one of its officers who executes contracts in the name of the corporation.

3. In an action on promissory notes executed by the treasurer of a lumber company in the name of the company, a compulsory nonsuit was properly entered where it appeared that the treasurer was not authorized to execute promissory notes for the company, that he had no general control of the business of the company, and had not been in the habit of issuing notes in its behalf and that the corporation had received no benefit from the transaction.

Argued Oct. 10, 1917. Appeal, No. 98, Oct. T., 1917, by plaintiff, from final order of C. P. Allegheny Co., Dec. T., 1911, No. 586, refusing to take off nonsuit, in case of J. R. Martin v. Inter-State Lumber Company, a corporation. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Rule to open judgment entered for want of an appearance.

From the record it appeared that the Inter-State Lumber Company was an association of retail lumber dealers, organized by W. A. Coleman, for the purpose of buying lumber at wholesale and selling it to stockholders at cost.

In 1912, Coleman, as treasurer, executed and delivered to M. Lee Gailey & Company, a wholesale lumber dealer, four notes of $400 each, dated respectively February 1st, February 17th, February 25th and March 15th, 1911, which notes were duly endorsed by M. Lee Gailey & Company and delivered for full value and before maturity to the plaintiff.

Plaintiff brought suit on the notes and entered judgment in default of an appearance in November, 1911. In June, 1912, plaintiff filed a bill in equity for the appointment of a receiver for the defendant corporation and in July, 1912, the court appointed V. J. Schmitt, receiver, who was at that time acting as treasurer of the company, as successor to Coleman. On September 28, 1912, the receiver presented a petition to the court, asking that the judgment be opened and the defendant be permitted to make defense, to which petition an answer was filed by

the plaintiff. This petition was never disposed of by the court.

On December 31, 1915, over four years after the entry of the judgment and about three years and a half after his appointment, the receiver filed a second petition to open the judgment, alleging improper service of the summons and fraud on the part of the plaintiff and Coleman, in the issue of the notes.

The plaintiff filed an answer denying the averments of the petition.

The court opened the judgment.

Upon the trial of the action a compulsory nonsuit was entered. On motion to take off the nonsuit, EVANS, J., filed the following opinion:

Plaintiff brings suit on four promissory notes for $400 each dated February 1st, 17th, 25th and March 15th, 1911, and signed Inter-State Lumber Company, per W. A. Coleman, treasurer, made to the order of M. Lee Gailey & Company, and endorsed. The defendant alleges that it is a corporation regularly organized, and that W. A. Coleman, treasurer, had no authority to issue the promissory notes in question, that the notes were without consideration, the Inter-State Lumber Company having never received any of the proceeds of the notes, and that it was a fraud and conspiracy between M. Lee Gailey, who was a stockholder in the defendant company, and W. A. Coleman, the treasurer.

From the evidence it appeared that the Inter-State Lumber Company was organized by various retail lumber dealers, and that the main purpose of the Inter-State Lumber Company was to purchase lumber from manufacturers and sell to the various stockholders at cost, and the stockholders agreeing to subscribe to the expense of the corporation not to exceed five per cent. of the amount of their purchases. The lumber company also sold lumber to other than its stockholders at the market price. The sale of the lumber to the various stockholders was to be for cash or bankable paper, and, by a resolution of

the board of directors, the treasurer, W. A. Coleman, was authorized to endorse checks and commercial paper of the company. He was the general manager and purchased the lumber and sold it to the stockholders and to the public in general.

Outside of the notes in question, there were only two notes executed by this corporation. The one was executed on the authority of a resolution of the board of directors, and was signed by the president and secretary, and endorsed by several of the directors. The other was issued similar to this note, the Inter-State Lumber Company, per W. A. Coleman, treasurer, and when the fact that the note was issued became known to the stockholders and directors of the Inter-State Lumber Company, one of the stockholders took the matter up, investigated it and became satisfied that the note was given for lumber purchased for the Inter-State Lumber Company, and the note was paid. Outside of the acts which he was especially authorized to do, namely, the purchase and sale of lumber and endorsing the checks and commercial paper of this company, W. A. Coleman was never authorized to transact the financial affairs of the company, and none of the other business was ever turned over to him.

In the case of Hartzell v. Ebbvale Mining Company, 239 Pa. 602, our Supreme Court has laid down the three circumstances under which a corporation may be held liable for the acts of an officer, although those acts are not especially authorized by the by-laws or by the board of directors: (1) Where the corporation has received the benefit of the proceeds of the notes sued on, although irregularly executed; (2) where the previous course of dealing of the same irregular character between the same parties for a term of years may be deemed a waiver of the by-laws and make the corporation liable on its contract; and (3) where the entire management and control of the corporation is allowed to pass into the hands of one of its officers who executes contracts in

the name of the corporation, it may be, and often is, estopped by acquiescence from denying liability because the by-laws had not been observed.

This case comes under none of these exceptions. The corporation got none of the proceeds of these notes. There was no course of dealing between either the payee and the endorsee and this corporation. The corporation had not turned over to its treasurer the financial affairs of the company except the endorsement of notes and checks. These notes were taken for an existing indebtedness of Gailey by the plaintiff, and the plaintiff did not advance anything at the time that the notes were endorsed to him.

The court refused the motion to take off the nonsuit. Plaintiff appealed.

*Errors assigned* were in opening the judgment and in refusing to take off the nonsuit.

*Wm. B. Sechrist,* for appellant.

*C. K. Robinson,* with him *A. H. Mercer,* for appellee.

Per Curiam, January 7, 1918:

We are not convinced that, under the peculiar facts of this case, the learned court below abused its discretion in opening the judgment entered against the defendant company on the application of its receiver and permitting him to defend the action in a trial before the court and a jury which resulted in a judgment in his favor. The learned court was also right in refusing to take off the nonsuit, entered at the trial, as appears by his opinion subsequently filed.

The judgment is affirmed.