## Hamaker, Executor, *v.* Fulton Farmers' Assn., Appellant.

*Corporations—Treasurer—Unauthorized act of officer—Acceptance of benefits—Promissory notes.*

1. A corporation cannot avail itself, as a defense, of an unauthorized act of its officers, where a contract has been entered into and executed in good faith, and the corporation has received the benefit of the performance.

2. Where the treasurer of a corporation issues notes of the company, unauthorized by it, to his father who is also his bondsman, to make good his own shortage, and the notes are discounted, and the proceeds thereof placed to the credit of the company, the latter receives such benefit as will make it liable, unless the person who furnishes the money knew of the circumstances under which the loan was procured, and intended the transaction to be a loan for the defaulting officer rather than one for the company.

3. In an action by the executor of the father of the treasurer, on the notes so given, evidence that in a former suit by the corporation against the bondsman to recover the treasurer's shortage, such notes were offered in evidence as a counterclaim, but were rejected as not competent, is some evidence that the bondsman did not intend to cancel the liability of the corporation on the notes.

Argued May 26, 1921. Appeal, No. 394, Jan. T., 1921, by defendant, from order of C. P. Lancaster Co., Aug. T., 1919, No. 74, refusing judgment for defendant n. o. v., in case of A. G. Hamaker, executor of J. R. Bomberger, deceased, v. Fulton Farmers' Association. Before FRA-

ZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAF-
FER, JJ. Affirmed.

Assumpsit on promissory notes. Before LANDIS, P. J.

From the record it appeared that the notes in question were issued in the name of the Fulton Farmers' Association by its treasurer, D. R. Bomberger, to the order of his father, who was also his bondsman. The notes were issued by the treasurer to cover his own shortage. They were discounted, and the proceeds thereof were placed to the credit of the association, and checked out by it. Other facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,600. Defendant appealed.

*Error assigned,* among others, was order refusing judgment for defendant n. o. v., quoting the record.

*John A. Coyle,* with him *H. Frank Eshleman* and *B. F. Davis,* for appellant.—The court should have given binding instructions for defendant or entered judgment n. o. v. for it.

(1st) Because there was not sufficient testimony as to the purpose or intention of the deceased plaintiff to collect from or hold defendant association liable for payment of these notes, or sufficient testimony of the liability of defendant association for the payment of them, they having been made without authority. (2d) Because defendant association did not receive the benefit of the notes within the meaning of the recognized rule making associations liable for unauthorized notes: Millward-Cliff Cracker Co.'s Est., 161 Pa. 157; Worthington v. Schuylkill Elec. Ry., 10 Pa. Superior Ct. 117; McBride v. Western Penna. Paper Co., 263 Pa. 345.

*M. M. Harnish,* of *Harnish & Harnish,* with him *John E. Malone,* for appellee.—A corporation may not avail itself even of ultra vires as a defense where a contract

has been entered into and executed in good faith by the other party and the corporation has received the benefit of the performance: Lemmon v. East Palestine Rubber Co., 260 Pa. 28; Martin v. Inter-State Lumber Co., 260 Pa. 218; McBride v. Western Penna. Paper Co., 263 Pa. 345.

OPINION BY MR. JUSTICE KEPHART, July 1, 1921:

The original notes in suit were unauthorized by the defendant and it seeks to be relieved of liability because the treasurer issued the notes to make good his shortage, and, though the money was deposited to the defendant's credit, it never actually received the benefit of the unauthorized loan, which merely replaced the money taken by the treasurer. The jury found the company had the benefit of the money raised by the notes and there is no evidence of any shortage at the time the notes were given or that the endorser knew of any such shortage until afterwards. When the notes were discounted and the amounts therefrom placed to the credit of the company, it received such benefit as would make it liable unless it should appear that the person who furnished the money knew of the circumstances under which the loan was procured and intended the transaction to be a loan for the defaulting officer rather than one for the company. All questions in this connection raised by the evidence were submitted to the jury by the learned trial judge, who stated in his charge: "If you find that the association got the benefit of these notes, and they were lifted by J. R. Bomberger, and were not cancelled by him in his lifetime, but were lost, then your verdict should be in favor of the plaintiff for the amount of the notes and interest. If, on the contrary, you find that the association did not get the benefit of the notes, or that they were cancelled for some reason by J. R. Bomberger in his lifetime, then the verdict may be in favor of the defendant." A corporation cannot avail itself, as a defense, of an unauthorized act of its officer where a contract has been

entered into and executed in good faith and the corporation has received the benefit of the performance: Lemmon v. East Palestine Rubber Co., 260 Pa. 28, 33; Martin v. Inter-State Lumber Co., 260 Pa. 218; McBride v. Western Pennsylvania Paper Co., 263 Pa. 345, 350. In a proceeding to recover the treasurer's shortage, these notes were offered in evidence as a counterclaim, but were rejected by the trial judge as not competent. This is some evidence that plaintiff's decedent who was the bondsman for the defaulting officer, did not intend to cancel the liability of the defendant on the notes, and, if it was liable, of necessity there should be some consideration to discharge the liability. Defendant asked for a judgment n. o. v. which must be denied.

The judgment is affirmed.