## C. L. McClain Fuel Corporation, Appellant, to use, v. Lineinger, Appellant.

Argued March 28, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*E. William Pyle,* for appellant, No. 24.

*Truman D. Wade,* with him *George B. Johnson,* for appellant, No. 67.

*William E. Parke,* with him *Harold D. Greenwell* and *Blair N. Reiley, Jr.,* for appellee.

OPINION BY MR. JUSTICE STERN, April 14, 1941:

In this case there are two appeals, one by defendant, the other by the legal-plaintiff. The action was to recover the purchase price of coal sold and delivered by the legal-plaintiff to defendant at various times between October 20 and December 22, 1937, (together with a small item under date of May 24, 1937, for some water-

system regulators). The affidavit of defense admitted the purchases but claimed that the resulting indebtedness had been paid by certain checks, eleven in number, bearing dates from October 11 to December 29, 1937. At the trial plaintiff proved, and defendant indeed admitted, that these checks were in payment of coal delivered prior to October 20, 1937, and did not cover any of the items in suit. Defendant offered in evidence fifty-five other checks, ranging in date from April 15, 1936, to September 22, 1937, claiming they were admissible by reason of a stipulation of counsel, entered into before trial, which provided that they might be offered in evidence. The court sustained plaintiff's objection to their admission, and it is that ruling which constitutes the basis of defendant's appeal.

Counsel for plaintiff insists that the stipulation was intended, not to concede the materiality and admissibility of the checks, but only to permit them to be offered in evidence without the necessity of formal proof of their execution and payment. Be this as it may, and even if the agreement was violated, defendant was not harmed thereby, because these checks would not have proved payment of the shipments for which the suit was brought. Not only were the issues, as defined by the pleadings, limited to an alleged liquidation of the claim by the eleven checks specified in the affidavit of defense, but, as the court below pointed out in overruling defendant's motion for a new trial, the uncontradicted evidence indicated that on the whole account between the parties, even taking *all* of the checks into consideration, it was clearly established that defendant was indebted to plaintiff in the amount claimed. There is not a semblance of merit in this appeal.

After judgment had been entered on the verdict, the legal-plaintiff took a rule on the use-plaintiff to show cause why the name of the latter should not be stricken from the record. Testimony having been taken, the

court discharged the rule, from which order the legal-plaintiff appeals.

It appears that from time to time the C. L. McClain Fuel Corporation, legal-plaintiff, borrowed various sums of money from The Wayne Title & Trust Company, use-plaintiff, and assigned to it accounts receivable as security, including the account against defendant which is here sued upon. The corporation contends that these assignments were made by its president without authority from the board of directors. The minute book of the corporation contains a resolution of the board authorizing the president to obtain loans from the trust company in such amounts and on such terms as he might deem advisable, and as security for repayment to assign accounts receivable or other corporate property. The corporation produced testimony intended to show that no such resolution was actually adopted. Whatever be the fact in that regard, the order of the court discharging the legal-plaintiff's rule was correct for at least three reasons: (1) The corporation used for its own purposes, and still retains, the money borrowed from the trust company which the latter is now attempting to recover on the assigned account of defendant. Under such circumstances, the loans having been made by the trust company in good faith, it is elementary that the corporation cannot repudiate the agency by which it secured the benefits it has enjoyed.[1]  (2) The

---

[1] *Presbyterian Board v. Gilbee,* 212 Pa. 310, 314, 61 A. 925, 926; *Hartzell v. Ebbvale Mining Co.,* 239 Pa. 602, 605, 86 A. 1093; *Scouton v. Stony Brook Lumber Co.,* 261 Pa. 241, 246, 104 A. 548, 549; *McBride v. Western Pennsylvania Paper Co.,* 263 Pa. 345, 350, 106 A. 720, 721, 722; *Hamaker v. Fulton Farmers' Association,* 271 Pa. 465, 114 A. 627; *Ketchum v. Conneaut Lake Co.,* 309 Pa. 224, 232, 233, 163 A. 534, 536, 537; *Blumberg v. Broad Street Trust Co.,* 329 Pa. 471, 475, 198 A. 27, 28, 29; *Magazine Digest Publishing Co. v. Shade,* 330 Pa. 487, 492, 199 A. 190, 193; *KoEune v. State Bank of Schuylkill Haven,* 134 Pa. Superior Ct. 108, 115, 4 A. 2d 234, 238; *Wood Co. v. McCutcheon,* 136 Pa.

evidence shows that from the time of its incorporation the directors and stockholders turned over to the president full management of the corporation's affairs, and permitted him to exercise unrestrained control of all its business dealings. It follows as a legal result that he must be assumed to have had the power to do whatever the board of directors could have authorized or ratified, and therefore his borrowing of the money and assigning of the accounts receivable as security are binding upon the corporation even though not specifically authorized by the board.[2] (3) When business relations between the corporation and the trust company started the latter received from the secretary of the corporation a certificate, signed by her and sealed with the corporate seal, setting forth the alleged resolution of the board of directors in the terms which, as previously stated, appear in the minute book. Since the furnishing of such a certificate was within the authority of the secretary, the trust company was justified in relying upon it, and the corporation is estopped to assert that such resolution was not in fact passed by the board of directors.[3]

The judgment is affirmed. The order of the court discharging the rule of the legal-plaintiff on the use-plaintiff is also affirmed.

---

Superior Ct. 446, 453, 7 A. 2d 564, 567; *Osborne v. Victor Dairies, Inc.,* 138 Pa. Superior Ct. 117, 122, 123, 10 A. 2d 129, 132.

[2] *Chestnut Street Trust & Saving Fund Co. v. Record Publishing Co.,* 227 Pa. 235, 75 A. 1067; *Hartzell v. Ebbvale Mining Co.,* 239 Pa. 602, 605, 86 A. 1093; *Downey & Co. v. Kraemer Hosiery Co.,* 136 Pa. Superior Ct. 553, 558, 7 A. 2d 492, 494.

[3] *Hutchison v. Rock Hill Real Estate & Loan Co.,* 65 S. C. 45, 75, 43 S. E. 295, 306; *Whiting v. Wellington,* 10 Fed. 810, 812; *Commonwealth v. Reading Savings Bank,* 137 Mass. 431, 438, 439, 440; *Holden v. Whiting,* 29 Fed. 881, 882; *Swasey v. Emerson,* 168 Mass. 118, 121, 46 N. E. 426, 427; *Prentiss Tool & Supply Co. v. Godchaux,* 66 Fed. 234, 236; *McMan Oil & Gas Co. v. Hurley,* 24 Fed. (2) 776, 778; *Montreal & St. Lawrence Light & Power Co. v. Robert,* (1906) A. C. 196, 203.