Allen *v.* France Packing Company, Appellant.

Argued March 20, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Bryan A. Hermes,* for appellant.

*Frederick H. Starling,* for appellee.

OPINION BY HIRT, J., July 17, 1952:

Plaintiff recovered a verdict of $1,500 in this action brought by him for the collection of a so-called bonus. He contended that payments of $500 were due in each of the years 1945, 1947 and 1948 for services as Treasurer of the defendant corporation, in addition to his salary as factory manager in defendant's employ. There is no merit in this the defendant's appeal from the refusal of judgment n.o.v.

In the light of the verdict these facts appear: In January 1945 Edwin A. France, on the eve of gaining control of defendant packing company, employed plain-

tiff to serve as factory manager of that corporation at an annual salary of $5,200. On June 16, 1945, on the termination of certain litigation, the details of which need not concern us here, France did actually acquire complete control of France Packing Company and since that date has been president of the corporation. On June 12, 1945, the stockholders had elected plaintiff a director of the corporation and, apparently at a directors' meeting of which plaintiff had no notice, held the same day, he was elected treasurer of the corporation. The minutes of these meetings do not appear in this record but it is admitted that the resolution of the directors was silent as to any compensation payable to plaintiff for his services as treasurer. Plaintiff served the defendant from June 16, 1945 until April 1948 when he resigned as factory manager to accept employment elsewhere. He did continue however to act as treasurer of the corporation until early in 1949.

The contract of employment of plaintiff as factory manager was negotiated by Edwin A. France and was acquiesced in by the corporation which paid plaintiff's salary in the amount agreed upon, over a period of almost three years, although without action of the directors fixing the amount of his compensation. As to plaintiff's cause of action and the basis of recovery in the present case, plaintiff testified: that a few days before June 16, 1945, France told him of his election as treasurer and said: "that the officers enjoyed a $500 a year bonus, which he would continue". It was the understanding from the conversation that as to plaintiff the agreed payment in reality was not a bonus but was extra compensation for his services as treasurer. However, we will refer to the contemplated annual payment as a bonus. Five hundred dollars had been paid to the former president and to the then treasurer for each of the years 1943 and 1944 pursuant to resolutions

of the Board of Directors. Near the end of the year 1945, following a strike in the plant which had depleted the company's cash, France informed plaintiff that payment of the 1945 bonus would have to be deferred. The 1946 bonus was paid and without any action of the directors; at that time France told plaintiff that the payment of the 1945 bonus "was still deferred." In December 1947 France reopened the subject with plaintiff and then said that "he would not pay the bonus for that year or for any year, meaning 1945 . . ." Plaintiff protested that he regarded this as a reduction in salary and that he would be obliged to sever his connections with the company which he did as above indicated.

At the trial of this case it was conceded by defendant's counsel that in 1945 when plaintiff was employed, France "then had an actual control of the majority of the stock of France Packing Company" and a "controlling interest in this company". Although the by-laws of the corporation provided for monthly meetings of the Board of Directors, only one meeting of the board was held after June 16, 1945, while plaintiff was treasurer of the company. That meeting was held on June 25, 1947, but this record is silent as to the purpose of the meeting and the action then taken. Throughout the entire period of plaintiff's service with the company, Edwin A. France not only acted for the company in the conduct of its ordinary affairs within his proper authority as president, (*Kelly, Murray, Inc., v. L. B. & T. Co.*, 299 Pa. 236, 149 A. 190) but arrogated to himself all additional and extraordinary powers which by law are vested in the directors. He assumed the role of the corporation's alter ego in all matters of corporate policy and management without specific authorization but, at the same time, without protest from the stockholders or the directors. France hired plaintiff

and all other employes of the company and fixed their compensation; he determined prices of the company's product and the amount of commissions payable to its agents; he sold machinery of the company, in one instance for $3,750 and in another for $2,500; he assumed complete authority to act for the company throughout a crippling strike and negotiated the final settlement; and he sold securities owned by the corporation. All of these and other similar acts were performed by him on his own initiative without the aid of any directors' meetings or upon any express authority delegated by the board.

Where officers of a corporation surrender to the president the management and control of its affairs, and permit him to exercise unrestrained authority for a long period of time, the corporation may be liable for his acts. *Downey & Co. v. Kraemer Hosiery Co.,* 136 Pa. Superior Ct. 553, 7 A. 2d 492. Prima facie, the officer so entrusted with authority, may be taken to have power to do any act which the directors could authorize or ratify. *Chestnut St. Trust & Saving Fund Company v. Record Pub. Co.,* 227 Pa. 235, 75 A. 1067; *Landis v. Brick & Tile Co.,* 87 Pa. Superior Ct. 398; Cf. *McCay v. Luzerne & Carbon Co. M. T. Co.,* 125 Pa. Superior Ct. 217, 189 A. 772; *Bonini et al. v. Fam. Theatre Corp. et al.,* 327 Pa. 273, 194 A. 498. And in this instance, where continuously from June 16, 1945, when France became president, the directors and stockholders permitted him to exercise unlimited control of all business dealings of the corporation as its agent, it was a fair inference that he had the power to do whatever the board of directors could authorize or ratify. *McClain F. Corp. v. Lineinger,* 341 Pa. 364, 19 A. 2d 478. *Culp v. Independ. Card Corp.,* 99 Pa. Superior Ct. 275, on which appellant relies, is readily distinguishable.

636

France's authority was assumed and in effect conceded at the trial of the case. The corporation did not question his authority either by objection to plaintiff's testimony or denial of France's powers as agent for the corporation, by any witness appearing for the directors or the stockholders. The corporation's defense, interposed by the testimony of France alone, consisted wholly in a denial that he agreed on behalf of the corporation that plaintiff would be paid $500 a year for his services as treasurer.

By reason of the fact that no directors' meetings were held by the corporation it is unimportant that the by-laws require that all salaries of officers be fixed by the board. In this case the plaintiff recognized his responsibility by investigating accounts to be paid before signing checks as treasurer along with France as president. There was substantial performance of the duties of treasurer and the corporation received the benefit of the contract.

In cases of this class there usually are two controlling questions of fact involved: (1) was the alleged oral contract, on behalf of the corporation, actually made and (2) did the officer who allegedly made the contract have authority to bind the corporation? Here the authority of the corporation's president was not disputed and the jury on sufficient competent evidence resolved both issues in favor of the plaintiff.

Judgment affirmed.