## Counties Mechanical Construction Co. v. The First Pennsylvania Banking and Trust Co.

*Fox, Differ, DiGiacomo & Lowe,* for plaintiff.

*Duffy, McTighe & McElhone,* for defendant.

HONEYMAN, J., July 16, 1963.—Plaintiff is a Pennsylvania corporation with its principal office at 131 East Fourteenth Avenue, Conshohocken, Montgomery County, Pa. Defendant is also a Pennsylvania corporation and has one of its offices located at 7 East Lancaster Avenue, Ardmore, Montgomery County, Pa. The pleadings reveal, and there is no dispute, that one F. J. Botthof was the secretary and treasurer of plaintiff corporation, and in such capacity he caused to be delivered to defendant a certificate containing a resolution of plaintiff's board of directors, authorizing the opening and maintaining of a bank account with defendant, and, further, authorizing the deposit in said account of any and all moneys, checks, drafts, notes and acceptances, or other evidences of indebtedness. Said resolution further authorized defendant to make payments from said account upon and according to the check, draft, note or order of plaintiff, when signed by either "Neshan Bedrossian, President, or F. J. Botthof, Secretary and Treasurer," and to receive the same when so signed for the credit of, or in payment, without inquiry as to the circumstances of their issue or the disposition of their proceeds, whether drawn to the individual order or tendered in payment of individual obligations of the named officers or other officers of plaintiff or otherwise. Said certificate was signed by the secretary of plaintiff, and the corporate seal of plaintiff was affixed thereto. The secretary of plaintiff certified that such was a true and correct copy of a resolution adopted at a meeting of the board of directors of plaintiff, duly called, and held on August 8, 1960, and that a quorum was present and voting, and

that said resolution was in full force and effect. On August 8, 1960, a special account in the name of Counties Mechanical Construction Company was opened by F. J. Botthof, who made an initial deposit of $2,000.

Plaintiff avers that: (1) The aforementioned special account of plaintiff corporation was opened by F. J. Botthof without authority or authorization: (2) plaintiff's president never did, in fact, sign his name to the signature card required by defendant; (3) there never was, in fact, any corporate action duly authorizing the aforementioned resolution; and (4) from August 8, 1960, to on or about January 27, 1961, said Botthof deposited with defendant moneys rightfully belonging to plaintiff, and on various occasions made unauthorized withdrawals of said moneys for his individual purposes. Plaintiff asserts that defendant's failure to use due care in opening and/or maintaining this account caused the loss of moneys belonging to plaintiff corporation, whereby it seeks in this suit to recover these amounts from defendant.

In its motion for a judgment on the pleadings, defendant asserts that, as a matter of law, it had an absolute right to rely upon a copy of a resolution bearing the corporate seal, and certified by a person who was, in fact, the secretary of the corporation when delivered to defendant by the secretary and treasurer of the corporation, and the fact that said resolution may never have been, in fact, adopted, is immaterial.

Although there appears to be no Pennsylvania cases exactly like the instant case, we find that defendant's motion is well taken. The question presented in this case was considered by our Supreme Court in C. L. McClain Fuel Corporation v. Lineinger, 341 Pa. 364 (1941). In the McClain case, a corporation had borrowed money from a trust company and had assigned to the trust company its accounts receivable. In a suit on the accounts receivable, judgment was entered for

plaintiff. The corporation, as legal plaintiff, took a rule on the trust company, as use plaintiff, to show cause why its name should not be stricken from the record. The corporation contended that a resolution authorizing the assessment of the accounts receivable had never, in fact, been adopted. The court, in finding for the trust company, held that the court below was correct in discharging the legal-plaintiff's rule for several reasons, the third of which states that, at page 368:

"(3) When business relations between the corporation and the trust company started the latter received from the secretary of the corporation a certificate, signed by her and sealed with the corporate seal, setting forth the alleged resolution of the board of directors in the terms which, as previously stated, appear in the minute book. Since the furnishing of such a certificate was within the authority of the secretary, the trust company was justified in relying upon it, and the corporation is estopped to assert that such resolution was not in fact passed by the board of directors."

In its brief, plaintiff attempts to distingiush the McClain case, supra, factually by stating that, while the court specifically did state that defendant therein was justified in relying upon a resolution certified by the secretary under seal, nevertheless, that resolution did not designate the secretary as the officer with the power to borrow funds on his own signature but, in fact, designated the president of the corporation with such power. Plaintiff asserts defendant's negligence was in ignoring precautions as to verification of the present resolution when said resolution was certified by the same individual to whom it gave power, on his sole signature, to withdraw corporate funds, and urges that where two innocent persons must suffer by reason of the fraudulent action of another, he whose act has enabled the wrongdoer to cause a loss must bear it.

In answer to the foregoing arguments of plaintiff,

we find that, while the resolution did authorize the same individual who certified such to withdraw corporate funds, by virtue of the printed form, the secretary was the individual designated to certify said resolution. Further, Botthof was the treasurer of the corporation, and such officer is the usual custodian of corporate funds. Finally, the resolution as presented to the bank not only carried the signature of Botthof, but also the corporate seal, with all of the indicia of corporate authority which said seal carries. We can't help but emphasize again that the furnishing of said resolution was within the authority of the secretary (McClain, supra), consequently, its designation of the same officer to perform certain functions on behalf of the corporation would not necessitate the bank to make any further inquiry or investigation, nor would such put it on notice of any possible fraud or wrongdoing on the part of the corporate officer.

In dealing with Botthof, defendant exercised normal and usual busines practices, and said withdrawals were made in accordance with the terms of the resolution. In addition to having a right as a matter of law to rely on a resolution carrying a corporate seal: McClain case, supra; there was nothing in defendant's contact with Botthof to put it on notice of spurious dealings or fraudulent scheme. Botthof's acquisitions of corporate funds was made possible by the trust that the corporation unfortunately placed in Botthof, rather than by negligence or bad faith on the part of the bank. It was the plaintiff corporation which clothed Botthof with the apparent authority in the first instance by placing him in the position of secretary-treasurer and by giving him uncontrolled and ready access to the corporate seal and the corporate funds which were deposited before any withdrawals were made. Plaintiff's pleadings further reveal a complete absence of other circumstances that would reasonably support the inference that Bott-

hof was committing a breach of his trust, and until such circumstances occur, defendant bank was not obligated to institute inquiry into Botthof's conduct.

The case of Condor Corporation v. Cunningham, 71 Cal. App. 2d 25, 162 P. 2d 21 (1945), is factually very close to the instant case. In an opinion therein of the District Court of Appeal, Second District, Division 1, California, the court said, at page 33:

"True, this resolution was spurious, but his act in certifying the resolution as having been adopted by the corporate body was within the scope of his authority as secretary of the corporation and was binding upon the latter. . . Under all the facts and circumstances here present, it cannot be said that defendant bank accepted the checks under such circumstances as ought to have put an ordinary man on inquiry to ascertain the true facts. We are impressed that it was not negligence or bad faith upon the part of defendant bank, but the misplaced confidence on the part of plaintiff corporation in its secretary and treasurer Cunningham that made the wrong possible. . ."

The obligation of inquiry beyond the receipt of a corporate resolution was also passed upon in J. W. Levegood v. The Community Plan Co. of Norristown, 47 Montg. 74 (1930). In this case, suit was brought upon a promissory note which had been signed by the treasurer of defendant. Defendant contended that the treasurer had no authority to sign the note. The court stated, at page 77:

"The plaintiff having received from the defendant Company, what purported to be a copy of the resolution of its Board of Directors, was not required to look beyond it, for he had a right to assume as against the Company, that all matters of internal management had been complied with. . ."

See also Manhattan Hardware Co. v. Phalen, 128 Pa. 110 (1889).

Accordingly, defendant's motion for a judgment on the pleadings must be granted.

*Order*

And now, July 16, 1963, defendant's motion for judgment on the pleadings is hereby granted and plaintiff's complaint is dismissed.