## Supan v. Oriole Motor Coach Lines, Inc.

*White, Jones & Gregg,* for plaintiff.

*Dougherty, Larrimer & Lee,* for defendant.

CERCONE, J., April 13, 1965.—This matter comes before the court on preliminary objections to plaintiff's suit in equity.

Plaintiff, George Supan, is a former officer and director of Oriole Motor Coach Lines, Inc. Defendants are the Oriole Motor Coach Lines, Inc., and the officers and directors of the corporation.

Pursuant to the Port Authority Act of April 6, 1956, P. L. 1414, as amended, the Port Authority negotiated with the officers of the Oriole Company for the purchase of the bus line. In the course of negotiations, a detailed list of the assets was prepared and tentative purchase price of $675,000, a sum the Port Authority was willing to pay for the bus line, was arrived at. A memorandum was prepared containing the tentative purchase price and it indicated that included in this price was the amount of $166,000, which the Port Authority rated as "loss of income compensation for loss of jobs for executive and administrative officers".

On January 10, 1963, a special meeting of the stockholders of Oriole Company was held and a motion was passed authorizing sale of the company for the sum of $675,000. No action was taken regarding payment of the $166,000 mentioned in the memorandum of sale as severance or loss of income compensation for the corporate officers.

On April 22, 1964, the directors of the corporation

met and defeated a motion to pay severance pay to plaintiff out of the purchase price.

Plaintiff now seeks to compel defendants to pay him the sum of $45,000 as his portion of the $166,000, which plaintiff claims was set aside in the purchase price for severance pay.

By preliminary objection, defendants contend that the complaint does not allege a cause of action against either the individual defendants or the corporate defendant.

Plaintiff brings this action in equity on a theory of unjust enrichment. He contends that the fund was designated for executive salaries, is in excess of the listed assets of the bus line and that, therefore, it constitutes an amount the shareholders, by virtue of the dissolution of the corporation, are not entitled to receive.

It is evident that, for plaintiff to recover, he must show not only that defendants received money they were not entitled to, but that plaintiff is entitled to it or some portion of it.

It is clear that plaintiff has no right to the relief sought on the basis of his service as a director or as an officer of Oriole. In the absence of an express resolution, there is a presumption that a director serves without compensation.

Plaintiff has pleaded no such resolution but rather a specific disallowance of the severance pay. As an officer, plaintiff may recover only upon express contract: Culp v. Independent Card Corporation, 99 Pa. Superior Ct. 275 (1930). Even where valuable services have been performed, the public policy of Pennsylvania prevents a recovery in quantum meruit by an officer.

In pleading his right to relief, plaintiff asserts that the agreement between the corporation and the Port Authority created a fund to be paid to the officers ac-

cording to the amount of their past services. In effect, plaintiff asserts that he is a third-party donee beneficiary.

The basis for any right in a third party is the promisor's contract: It must be alleged and shown that the agreement between the promisor and the promisee, upon which the third party founds his right of recovery, possessed the necessary elements to make the agreement a binding obligation, or stated in other words, a valid and binding contract is essential to the right of a third-person beneficiary to maintain suit thereon: 12 Am. Jur. 842.

Moreover, the rights of the third person, like the rights of the promisee, are limited to the terms:

"There can be no donee beneficiary or creditor beneficiary unless a contract has been formed between a promisor and promisee; and if a contract is conditional, voidable or unenforceable at the time of its formation, or subsequently ceased to be binding in whole or in part because of impossibility, illegality . . . the right of a donee beneficiary or creditor beneficiary under the contract is subject to the same limitation": Restatement, Contracts, §140.

In particular, all formal requirements of a contract must be complied with. The memorandum upon which plaintiff claims was not the valid and binding contract, but merely a step in the bargaining.

The sale of the assets of Oriole was a sale of substantially all of the corporate assets and was not a sale in the usual course of business. Under the business corporation laws of Pennsylvania, such a sale requires a majority approval of the shareholders at a meeting called. At such a meeting, the shareholders may authorize any or all of the terms and fix the consideration. It is the agreement and sale, pursuant to this authorization, that constitutes the agreement.

The memorandum agreement was not the binding

instrument in this case. It was the final sales agreement which was entered into by the parties that is determinative of the conditions of sale. It is this agreement that must be looked to for any possible rights to plaintiff as third-party beneficiary. Plaintiff has not pleaded the terms of the final agreement approved by the shareholders nor attached a copy of it to the pleadings. As the complaint stands, it must be dismissed.

Moreover, even if this court could find that the agreement between Oriole and the Port Authority did incorporate the terms of the memorandum into the final agreement, plaintiff still fails to have a valid cause of action. For plaintiff to be a third-party beneficiary entitled to recover on a contract, both parties to the contract must have so intended and must have indicated that intention in the contract: Silverman v. Food Fair Stores, Inc., 407 Pa. 507 (1962).

There is nothing in the facts pleaded that remotely indicates such an intention. At most, plaintiff stands in the position of a possible incidental beneficiary analogous to the position where A promises B to pay him money for his expenses. In such a case, creditors of B are not generally allowed to sue A. The creditors are incidental beneficiaries: 2 Williston, Contracts, §402 (3d ed.)

If plaintiff can supply the deficiencies now apparent in his complaint, he may have a meritorious cause of action. Plaintiff, therefore, is granted 20 days in which to amend his complaint; otherwise, it is dismissed for lack of a valid cause of action.

### Order

And now, to wit, April 13, 1965, after arguments heard and upon briefs submitted, it is ordered and decreed that plaintiff be and hereby is granted 20 days in which to amend his complaint; otherwise defendants' preliminary objection in the nature of a demurrer is granted and plaintiff's complaint is dismissed.